## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

v.                                        **No. 4:11-cv-370-DPM**

**TERRY LYNNE LYONS;**
**JUDY ANN LYONS, his spouse;**
**STATE OF ARKANSAS;**
**Acting by and through the Department**
**of Finance and Administration;**
**COMMISSIONER OF REVENUES;**
**FIRST SECURITY BANK; and**
**STATE OF ARKANSAS,**
**OFFICE OF CHILD SUPPORT ENFORCEMENT**        **DEFENDANTS**

### JUDGMENT

The Court enters judgment for the United States of America *in rem.*

The Court finds:

1. The Court has jurisdiction over the parties and over the property that is the subject of this cause of action.

2. There is due and owing on the promissory notes of Terry Lynne Lyons to the United States of America, U.S. Department of Agriculture, Farm Service Agency, the total principal sum of $127,984.63, plus interest in the sum of $61,970.87, accrued to 13 May 2010, for a total of principal and interest in the sum of $189,955.50, and interest thereafter at the daily rate of $17.53 plus any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.

3. The above-described indebtedness due and owing to the plaintiff is secured by a mortgage dated and recorded as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| 4 February 1994 | 4 February 1994 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of White County, Arkansas in Book 387, at Page 650. |

Plaintiff's mortgage constitutes a good and valid mortgage lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants herein, and each of them, in and to the following described property in White County, Arkansas:

The West Half of the Southwest Quarter of Section Thirty-four, Township Ten North, Range (7) West. Subject to All Existing Easements and Right of Ways for Roads and Other Purposes.

together with all improvements and appurtenances thereon.

4. After having been properly served, Terry L. Lyons, Judy Ann Lyons, his spouse, and State of Arkansas, Office of Child Support Enforcement are in default. Defendants State of Arkansas, Department of Finance & Administration, and First Security Bank filed answers and consent to this judgment *in rem*. *Document Nos. 14 & 23*. All right, title, and interest in and to the above-described property held or claimed by the defendants, and each of them, is subordinate and inferior to the plaintiff's mortgage, and is hereby foreclosed.

2

5.     The indebtedness owed to the U.S. Department of Agriculture, Farm Service Agency, consists of promissory notes of Terry L. Lyons dated 16 September 1999. Payment of these notes is secured by the mortgage described in Paragraph three above.

Therefore:

6.     Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment *in rem* against the property described herein for the above-mentioned sums. Personal judgment against the defendants was not in the plaintiff's prayer for relief, and the Court does not enter any such judgment here.

7.     The above-described mortgage of the United States of America is hereby foreclosed. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the East door of the White County Courthouse, Searcy, Arkansas. The date and time of the sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property

within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and this credit shall be an extinguishment of the debt to the extent of the credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

8.      Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all defendants herein in and to the property and every part thereof shall from that date be foreclosed and forever barred.

9.      The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of the property.

10.     The sales proceeds, after expenses of sale, shall be paid and distributed to the United States of America, USDA, Farm Service Agency, to the extent of the indebtedness owed to it secured by its mortgages described above. Any surplus remaining shall be retained by the U.S. Marshal subject

to further orders of the Court, and subject to the liens of defendants State of Arkansas, Department of Finance and Administration, Commissioner of Revenue, and First Security Bank.

11.     The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 September 2012

Approved by:

/s/ G. Michael Millar

_____

G. Michael Millar
401 W. Center
P.O. Box 1406
Searcy, AR 72145-1406
(501) 268-8220

Attorney for First Security Bank

Approved by:

/s/ Michael J. Wehrle

_____

Michael J. Wehrle, AR BAR 92036
P.O. Box 1272
Little Rock, AR 72203
(501) 682-7030

Attorney for DFA, State of Arkansas

Approved by:

/s/ Richard M. Pence, Jr.

_____

Richard M. Pence, Jr., AR BAR 69059
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600

Attorney for Plaintiff